## Commonwealth *v.* Sutton, Appellant.

Argued October 23, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Louis F. McCabe,* for appellant.

*John H. Maurer,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., January 29, 1937:

This appeal involves the correctness of the imposition of life sentence upon appellant in a proceeding under the Act of April 29, 1929, P. L. 854, 19 PS §922. In accordance with Rule 56 of this court, an agreed statement of facts was filed, and a recital of those facts

necessary for the determination of this appeal is as follows: On March 23, 1926, appellant was convicted in the State of New York on the charge of feloniously and burglariously breaking and entering on the 13th day of October 1925, a bank building with intent to steal, upon which conviction he was sentenced to serve a minimum sentence of five years and a maximum sentence of ten years. From this sentence, he was paroled on September 9, 1926. He was convicted, on May 26, 1931, of robbery while armed with an offensive weapon, said offense being committed on October 28, 1930, and a sentence of thirty years was imposed. He escaped from prison on December 11, 1932 and became a fugitive. On February 5, 1934, he was arrested in Philadelphia, Pa. on the charge of robbery being armed with an offensive weapon and entering a bank building with intent to steal, committed on February 15, 1933, and also was charged with robbery and entering a bank with intent to steal, committed on January 15, 1934—both offenses being committed in the City of Philadelphia. For the offense committed on February 15, 1933, he was indicted on February 8, 1934, as of Nos. 157 and 158, February Sessions, 1934, and on the same day was indicted to Nos. 152, 153, 154 and 155, February Sessions, 1934, for the offense committed on January 15, 1934. On February 12, 1934, he pled guilty to all of the indictments and on the same day was sentenced on Bill No. 152, relating to the offense committed on January 15, 1934, to serve a sentence of not less than ten years and not more than twenty years in the Eastern State Penitentiary, and was immediately sentenced on Bill No. 157 for the offense committed on February 15, 1933, to undergo imprisonment of not less than ten years not more than twenty years in the Eastern State Penitentiary, said sentence to begin at the expiration of the sentence imposed the same day on Bill No. 152, February Sessions, 1934.

On April 23, 1934 the district attorney, pursuant to section 4 of the Act of April 29, 1929, supra, filed an information to have appellant declared a fourth offender, subject to life imprisonment. Appellant, by his counsel, filed a motion to quash, which motion was overruled; he was arraigned and the information read to him in accordance with the provisions of the statute. He remained mute, thereby requiring trial by jury as to his identity with the defendant named in the several bills of indictment and convictions contained in the information. The case was tried on February 25, 1935, and the jury rendered a verdict that the appellant was the same person mentioned in the several records offered in evidence and set forth in the information. No evidence was offered by the defendant. On February 28, 1935, motions for a new trial and in arrest of judgment were filed, which, after argument, were overruled and discharged. On March 1, 1935, the court vacated and set aside the sentence imposed on the bill of indictment No. 157, February Sessions, 1934 and imposed upon appellant, on that bill of indictment, an imprisonment for the term of his natural life.

It will be noted that for the offense committed on January 15, 1934 to No. 152, February Sessions, 1934, sentence was first imposed, after which the sentence for the offence committed on February 15, 1933 to No. 157, February Sessions, 1934, was to begin. The court vacated this latter sentence and imposed the penalty of life imprisonment; so that, as the record now stands, life imprisonment was imposed upon the third offense. This, undoubtedly, was a clerical error, which could be corrected; but for other reasons, this record does not warrant the imposition of a life sentence, but the original sentence must stand.

No question is raised by appellant that the offenses, for which he was convicted, are within the class of crimes mentioned in section one of the Act of 1929.

supra, and our discussion is confined to section two of the act, which provides as follows: "A person who, after having been three times convicted, within or without this Commonwealth, of crimes of the character above set forth, or of attempt to commit any such crimes, shall, upon conviction of any such crimes for a fourth or subsequent offense committed within five years after the prior offense, be sentenced, in the discretion of the judge trying the case, to imprisonment in a State penitentiary for the term of his natural life." The Act of 1929 is highly penal and is not to be extended in its application to cases which do not clearly come within its language. Legislative intent must be gathered from the words used in the statute: *Com. v. Woodward*, 110 Pa. Superior Ct. 478, 168 A. 347.

Whether we regard the act as a reformatory statute or one enunciating a policy of warning convictions, we are bound by the language of the statute and the interpretation of such language by our courts.

"The word 'conviction' has a popular and legal meaning. In common parlance a verdict of guilty is said to be a conviction: *Smith v. Com.*, 14 S. & R. 69; *Wilmoth v. Hensel*, 151 Pa. 200; and this popular meaning has been given to it when rights other than those of the one who has been found guilty have been before the courts ...... But a very different situation is presented when one is confronted with an indictment charging him with a prior conviction of a similar offense and the statute makes his alleged repetition of it a distinct crime, for which, upon conviction of it, severer penalties are to be imposed. In such a case the word 'conviction' must be given its strict legal meaning of judgment on a plea or verdict of guilty. The severer penalty is imposed by the legislature because that imposed for the first offense was ineffectual. The second offense, carrying with it severer penalty is, therefore, not committed in law until there has been

judgment for the first. 'When a statute makes a second offense felony, or subject to a greater punishment than the first, it is always implied that such second offense ought to be committed after a conviction for the first; for the gentler method shall first be tried, which, perhaps, may prove effectual:' Hawkin's Pleas of the Crown, ch. 40, sec. 3: 'Clearly the substantive offense, which draws to itself the greater punishment, is the unlawful sale after a former conviction. This, therefore, is the very offense he is called upon to defend against. He cannot complain if, after suffering a former conviction and sentence, he commits a second offense of the same kind:' *Rauch v. Com.*, 78 Pa. 490": *Com. v. McDermott*, 224 Pa. 363, 365, 73 A. 427; *Com. v. Neill*, 16 Pa. Superior Ct. 210. See also *Com. v. Minnich*, 250 Pa. 363, 95 A. 565; *Com. v. Vitale*, 250 Pa. 548, 95 A. 723.

Narrowed down the act provides that any person, who, after he has been three times convicted, shall be convicted of a fourth or subsequent offense, committed within five years after the prior offense, shall be, in the discretion of the judge trying the case, sentenced to imprisonment for life. It is not the *commission*, but the *conviction* of three prior offenses, and the fourth or subsequent offense must be committed after the third conviction. The language "after having been three times convicted" would have little force or meaning unless these convictions occurred prior to the commission of the fourth offense. The act does not contemplate life imprisonment for a person convicted of the commission of four offenses, but contemplates a fourth offense committed after he had been three times convicted.

This interpretation of section two is strengthened by the provisions of section one, which provides that upon a conviction for a subsequent or second offense, committed within five years after the first offense, the

imprisonment shall be not more than twice the longest term prescribed upon a first conviction; and by section three, which provides that "In computing the period of time between convictions, as provided in sections one and two of this act, any period of servitude by a person in a penal institution, within or without this Commonwealth, shall not be included in the computation of any said five-year periods. It is hereby declared that the intent of said sections is that said five-year periods shall run only during the time any such person was at liberty." Clearly this contemplates a period of time between the several convictions. As appellant's counsel argues, "Could it be argued seriously that a person who did, as criminals have done, commit a series of four or more robberies in one night, might be sentenced to life imprisonment as a fourth offender if pleading guilty on the one day to four or more robberies?" As was said in *Morgan v. Com.*, 170 Ky. 400, 186 S. W. 132: "It was not intended that the heavier penalty prescribed for the commission of a second offence should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation ...... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost."

Decisions of courts of other states[1] construing statutes dealing with subsequent offenses, although helpful, are based upon the language of the particular statute in each jurisdiction.

---

[1] *People v. Gowasky,* 244 N. Y. 451, 155 N. E. 737; *Kinney v. State,* 45 Texas Crim. App. 500, 79 S. W. 570; *State v. Dale,* 110 Iowa 215, 81 N. W. 453; *Morgan v. Com.,* supra: *Scavarda v. People,* 57 Colo. 541, 143 Pac. 575; *Com. v. Phillips,* 11 Pick. 28 (Mass.); *Com. v. Richardson,* 175 Mass. 202, 55 N. E. 988; *Ex parte Seymour,* 14 Pick. 40 (Mass.); *Bumbaugh v. State,* 36 Ohio App. 375, 173 N. E. 267; *People v. Braswell,* 103 Cal. App. 399, 284 Pac. 709.

The language of Judge CUNNINGHAM, in *Com. v. Woodward,* supra, is appropriate to the facts in the present case: "The evidence upon this record demonstrates that appellant has committed offense after offense and has no regard for the property rights of others; evidently, the infliction of ordinary punishment has had no reformatory effect upon him. It is our duty, however, to construe the law as we find it. Although we may deem a case to be within the reason of the statute, or the mischief it is designed to remedy, we may not place it under the provisions of the enactment, unless plainly authorized by its language."

The third assignment of error charging error in the imposition of life imprisonment is sustained.

The sentence of imprisonment for the term of the natural life of appellant imposed March 1, 1935 is vacated and the sentence upon Bill No. 157, February Sessions, 1934, to the state penitentiary of not less than ten years and not more than twenty years, at the expiration of sentence imposed on Bill No. 152, February Sessions, 1934, is reinstated.