140 N.J. Super. 5 (1976)
354 A.2d 701
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD J. ROWE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 26, 1976.
Decided February 26, 1976.
*6 Before Judges FRITZ, SEIDMAN and MILMED.
*7 Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. Lloyd N. Simon, Assistant Deputy Public Defender, of counsel).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for the respondent (Ms. Susan G. Rivkind, Deputy Attorney General, of counsel).
PER CURIAM.
Defendant was charged in a four-count indictment with: (first count) atrocious assault and battery (N.J.S.A. 2A:90-1); (second count) sodomy (N.J.S.A. 2A:143-1); (third count) rape (N.J.S.A. 2A:138-1), and (fourth count) kidnapping (N.J.S.A. 2A:118-1). A jury found him guilty on all four counts. His motion for a new trial was denied.
Having been previously convicted on three separate occasions for high misdemeanors, he was then charged by accusation with being an habitual criminal (N.J.S.A. 2A:85-12). Another jury found him guilty of this charge[1] and he was thereupon sentenced on the four counts of the indictment to consecutive terms in the State Prison as follows: 5 to 7 years on the first count; 15 to 20 years on the second count; 30 years to life on the third count (the only one of the four sentences having an extended maximum term imposed pursuant to N.J.S.A. 2A:85-12), and 30 years to life on the fourth count.
On this appeal defendant contends that (1) the sentence imposed under the habitual criminal statute (N.J.S.A. 2A:85-12) was illegal; (2) application of the habitual criminal statute to him was arbitrary and capricious; (3) the trial judge erred in failing to grant his motion for a new trial (on the four counts of the indictment) "because the verdict was clearly against the weight of the evidence," and (4) the sentences imposed were "manifestly excessive and unduly punitive." We find no merit in any of these claims.
*8 N.J.S.A. 2A:85-12 provides:
Any person convicted on three separate occasions of high misdemeanors in this State, or of crimes under the laws of the United States or any other State or country, which crimes would be high misdemeanors under the laws of this State, or whose convictions for such offenses in this State or under the laws of the United States or any other State or country shall total three or more, and who thereafter is convicted of a misdemeanor or a high misdemeanor under the laws of this State, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, may impose upon the person so convicted a sentence in the State Prison for any term of years or for life.
Conviction of two or more of such crimes or high misdemeanors charged in one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction.
Defendant argues that since in this case he was convicted of atrocious assault and battery, sodomy, rape and kidnapping, at one and the same trial, the trial judge was required by the second paragraph of N.J.S.A. 2A:85-12 to consider all four of these convictions as one for the purpose of sentencing on the present indictment. The argument is devoid of merit. It overlooks the function and purpose of the statute. As pointed out in State v. Washington, 47 N.J. 244 (1966):
Habitual offender legislation does not create a new substantive crime, but rather imposes a greater penalty for the particular crime for which the defendant is convicted, where such defendant has persistently engaged in unlawful activities. * * * To protect the persons and property of citizens of the State, heavier sentences are imposed on recidivists because they have demonstrated an inability to learn to accept social and civil responsibility. [at 248-249]
See also, In re Zee, 13 N.J. Super. 312, 319 (Cty. Ct. 1951), aff'd sub. nom. State v. Zee, 16 N.J. Super. 171 (App. Div. 1951), cert. den. 343 U.S. 931, 72 S.Ct. 766, 96 L.Ed. 1340 (1952).
It is entirely clear that the convictions on the four counts of the indictment in this case are, by virtue of the *9 second paragraph of N.J.S.A. 2A:85-12, to be treated as "only one conviction" for the single purpose of determining whether defendant has the number of convictions required for a declaration that he is "an habitual criminal." On each of these four convictions, however, the trial court was required to impose a separate sentence. State v. Cianci, 18 N.J. 191, 194 (1955), cert. den. 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957); State v. Quatro, 44 N.J. Super. 120, (App. Div. 1957), cert. den. 355 U.S. 850, 78 S.Ct. 73, 2 L.Ed.2d 60 (1957). To construe the statute in the manner suggested by defendant would negate the clear intent and purpose of the legislation.
* * * it is settled that the courts will not construe a clause in a statute in such a manner as to charge the Legislature with rendering impotent the clear intention of the whole act. [State v. McCall, 14 N.J. 538, 545 (1954)]
Defendant claims that since, according to the prosecutor, he "was the first person to be sentenced under the Multiple Offender Statute in Middlesex County in the past number of years," this "selective application of" the "statute raises serious questions of the equal protection under the Fifth and Fourteenth Amendments." We find no merit in this claim. It has not been demonstrated that the selection here "was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, 453 (1962). See also, State v. Jennings, 126 N.J. Super. 70, 79-80 (App. Div. 1972), certif. den. 60 N.J. 512 (1972).
From our review of the record we are satisfied that the evidence was clearly sufficient to support each of the jury verdicts rendered and that it does not in any way appear that there was any miscarriage of justice under the law. R. 2:10-1; Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969). In the circumstances, the trial judge properly denied defendant's motion for a new trial.
*10 The record before us reveals extensive and detailed evidence of defendant's brutal attack upon the victim. In light of the nature of the offenses and defendant's prior criminal record, we are satisfied that the trial judge did not mistakenly exercise discretion in imposing the sentences which he did in this case.
Affirmed.
NOTES
[1] Defendant's motion for a new trial on this charge was also denied.