503 A.2d 435

**COMMONWEALTH of Pennsylvania**

v.

**James F. WOLFE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Jan. 17, 1986.

416.

John R. Merrick, Public Defender, John J. Stanzione, Assistant Public Defender, West Chester, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before Mc EWEN, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This appeal lies from judgment of sentence entered pursuant to appellant's pleas of guilty on November 28, 1984, to four counts each of burglary and criminal conspiracy contained in four separate informations. The charges stemmed from burglaries committed over a two-week period. In imposing the sentence (an aggregate of four to eight

years)[1] the court expressly cumulated offenses committed earlier in time to apply them as prior convictions for enhancing the sentences imposed on the later incidents. This geometric escalation of punishment forms the basis for the instant appeal as it is claimed to be an improper application of the sentencing guidelines. Appellant also characterizes the sentence as excessive in light of his individual circumstances.

■ We believe the resolution of the difficulty to lie in statutory interpretation. Despite appellee's pronouncement that the Statutory Construction Act, 1 Pa.C.S.A. § 1928(b)(1),[2] is inapplicable because the governing section of the sentencing code is "clear and unambiguous", we are not reassured. The provision does not exist in a vacuum; it was written and must be read in conjunction, that is, in pari materia, with the rest of the statute so as to give effect to all provisions, 1 Pa.C.S.A. § 1922, and in addition must be interpreted in light of existing Pennsylvania law. The root of the confusion is 204 Pa.Code § 303.7(g).

> (g) **Prior conviction.** A prior conviction is defined as a case in which a verdict of guilty has been entered in the record and sentence has been imposed for an offense which occurred prior to the date of the current offense, notwithstanding any appeal taken on the offense.

The trial court has obviously construed the notion of priority to encompass immediacy as well. However, we find this construction inimical both to principles of substantial justice, and the manifest intent of the legislature in fashioning penalties specific to recidivists.

When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is

---

1. The burglaries in question were committed variously on November 12, 18, 26, 29, 1982, and the sentences imposed therefor were 6–12 months, 10–20 months, 14–28 months, and 18–36 months, for a total of 48–96 months or 4–8 years.

2. 1 Pa.C.S.A. § 1928(b)(1)
(b) All provisions of a statute of the classes hereafter enumerated shall be strictly construed:
(1) Penal provisions.

supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty, and if there is doubt, the defendant must be given the benefit of the doubt.

*Commonwealth v. Smith,* 333 Pa.Super. 155, 161, 481 A.2d 1352, 1355 (1984) (citations omitted). This principle is in turn consistent with the theory underlying habitual criminal legislation, viz. that:

It was not intended that the heavier penalty prescribed for the commission of a second offence should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation.... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Sutton,* 125 Pa.Super. 407, 189 A. 556 (1937) (citations omitted). The point then of enhancement provisions is to punish those more severely who have persevered in criminal activity despite the (theoretically) salutary effects of penal discipline. Under these circumstances the question of priority becomes one of temporal relations: whether the conviction for the enhancing act must antedate the act resulting in the principle conviction, or the enhancing act without more, precede the act resulting in the principle conviction.

The former interpretation is supported not only by Pennsylvania case law, *Commonwealth ex rel. Turpack v. Ashe,* 339 Pa. 403, 15 A.2d 359 (1940); *Commonwealth v. McDermott,* 224 Pa. 363, 73 A 427 (1909); *Rauch v. Commonwealth,* 78 Pa. 490 (1875); *Commonwealth v. Lane,* 236 Pa.Super. 462, 345 A.2d 233 (1975); *Commonwealth v. Calio, supra.; Commonwealth ex rel. Flory v. Ashe,* 132 Pa.Super. 405, 1 A.2d 685 (1938); *Commonwealth v. Sutton,* 125 Pa.Super. 407, 189 A. 556 (1937), *Commonwealth v. Neill,* 16 Pa.Super. 210 (1901), but is the majority rule nationally, Annot., 24 A.L.R.2d 1247, even where, as here, the statute is unclear as to the application of "priority".[3]

3. Alabama, Code 1975 § 13A–5–9

Legislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense. It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed. 39 Am.Jur.2d Habitual Criminals § 6.

Alaska, AS 12.55.185 *State v. Rastopsoff,* 659 P.2d 630 (1983)

Arizona, ARS § 13–604(A)

Colorado, CRS 1973 16–13–101–(1)

Connecticut, CGSA § 53a–40

District of Columbia, DCCE § 22–104(a)(2)

Florida, WEST's FSA § 775.084

Georgia, Code 17.10.7

Illinois, SHA ch. 38 § 1005–5–3(c)(8)

Indiana, IC 35–50–2–8 (1985 Supp.)

Iowa, ICA § 902.8 *State v. Hollins,* 310 N.W.2d 216 (1981)

Kentucky, KRS 532.080

Louisiana, LSA–RS 15:529.1

Maryland, Code 1957 Art. 27 § 643B(c)

Michigan, MCLA § 750.227b, *People v. Sawyer,* 410 Mich. 531, 302 N.W.2d 534 (1981)

Minnesota, MSA § 609.11 sub. 1, .155 sub. 2, .225 sub. 2

Missouri, VAMS § 558.016 *State v. Medley,* 588 S.W.2d 55 (1979); *State v. Ryder,* 598 S.W.2d 526 (1980)

Montana, MCA 46–18–501

Nevada, NRS 207.010 *Brown v. State,* 97 Nev. 101, 624 P.2d 1005 (1981).

New Jersey, 2C:44:4 *State v. Rowe,* 140 N.J.Super. 5, 354 A.2d 701 (1976) att'd 81 N.J. 296, 406 A.2d 169

New Mexico, NMSA 31–18–17 *State v. Rogers,* 93 N.M. 519, 602 P.2d 616 (1979); *State v. Linham,* 93 N.M. 307, 600 P.2d 253 cert. denied 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979)

New York, PENAL LAW 70.061.(b)ii

North Carolina, GS § 14–7.1

Ohio, RC 2929.01(A)(1), (4)

Oklahoma, 21 OS § 51(A)

Oregon, ORS § 161.725(4)(b)

South Carolina, Code § 17–25–45(1)(C)

Texas, VTCA Penal Code § 12.34, .42(a) *Seals v. State,* 634 S.W.2d 899 (1982)

Washington, RCWA 9.92.090 *State v. Rinier,* 93 Wash.2d 309, 609 P.2d 1358 (1980)

West Virginia, Code 62–12–18 *Wanstreet v. Bordenkircher,* 276 S.E.2d 205 (1981)

Wisconsin, WSA 939.62(2)

■■■ Guidance on this point may be drawn from 42 Pa.C.S.A. § 9714(b) [4] which designates a five-year enhancement for recidivist perpetrators of certain enumerated violent crimes. Unless this section is read to provide not only a conviction of one or more of the enumerated offenses but also commission of the principle offense, it makes no sense, and when aligned with § 303.7(g) must require that conviction for the enhancing offense antedate commission of the

> See also ABA Standards for Criminal Justice, Sentencing and Corrections, § 3–105; 18 U.S.C.A. § 3575(e)(1).

**4. § 9714. Sentences for second and subsequent offenses**

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, arson as defined in 18 Pa.C.S. § 3301 9a (relating to arson and related offenses), kidnapping or robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or attempt to commit any of these crimes, or who is convicted of aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, shall, if they have previously been convicted of a crime of violence as specified in subsection (b), be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) **Prior convictions for crimes of violence.**—For the purposes of subsection (a), an offender shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted in this Commonwealth or any other state of the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii), arson as defined in 18 Pa.C.S. § 3301(a), kidnapping or aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, an equivalent crime under the laws of the Commonwealth in effect prior to the effective date of Title 18 (relating to crimes and offenses) or an equivalent crime in another jurisdiction. The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

(2) *The previous conviction occurred within seven years of the date of the commission of the instant offense,* except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal episode as the instant offense shall not be considered previous convictions for the purpose of this section. A previous conviction shall include any conviction, whether or not litigation is pending concerning that conviction. (emphasis added)

principal offense to escape the imputation of a sophistic intent to both. Section 303.6,[5] which appellant utilizes as a counterpoint, refers only to computations internal to each conviction, not cumulative application of separate convictions to each other. Otherwise the consequences are ludicrous since not only charging, but sentencing would in effect be delegated to the district attorney's office which may, by the simple expedient of charging incidents separately which allow of any argument supporting discretion, assure longer penalties than the law might otherwise allow.

▮ We do not now nor will we ever deny the propriety of consideration by the court of other offenses in determining sentence. "Prior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing]." *Commonwealth v. Laskaris*, 341 Pa.Super. 338, 340, 491 A.2d 845, 847 (1985) (citations omitted). In point of fact, this consideration was given by the court to appellant's two federal convictions, which qualify under our definition for inclusion in a prior record score, and to one Montgomery County offense which did not so qualify, as no sentence had yet been pronounced. The federal offenses were not factored with regard to appellant's prior record score because of the difficulty of translating them into offenses described by the Pennsylvania Crimes Code. They were, therefore, in the trial court's perception, unavailable for utilization as sentence enhancers; we now declare the convictions herein challenged to be similarly inapplicable for that purpose.

▮ We, therefore, hold that prior convictions must precede commission of the principal offense to be included in prior record score calculations.

▮ In appellant's case, we find only the logic behind the sentence and not the totality of the sentence itself unacceptable. Had the court chosen to sentence consecutively

5. 204 Pa.Code § 303.6 Consecutive sentences.
(b) When imposing consecutive sentences for convictions arising out of separate transaction, the prior record score shall be computed independently for each conviction.

at the top of the minimum range for each offense, that is 12 to 24 months, the aggregate would have been the same, and well within the allowable statutory maximum of 20 years imprisonment for a felony of the first degree. 18 Pa.C.S.A. § 1103(1).

We, therefore, vacate judgment of sentence and remand to the lower court for resentencing in accordance with this Opinion.