## Commonwealth v. Gretz

*Jacqueline Carroll, assistant district attorney,* for the commonwealth.

*Richard S. Wasserbly,* for defendant.

GAVIN, *J.,* May 28, 1986—In this case of apparent first impression I am called upon to decide

whether a guilty plea to a charge of driving under the influence of alcohol that bears an earlier date of arrest than a second such offense to which a plea has already been entered should result in a minimum sentence of 48 hours pursuant to 75 Pa.C.S. §3731(e)(1)(i) or a minimum sentence of 30 days pursuant to 75 Pa.C.S. §3731(e)(1)(ii).

In order to understand my dilemma, it is necessary to briefly set forth the factual history of this matter. (A more detailed statement is attached as Appendix A). Defendant was first arrested in Chester County on May 2, 1984, for driving under the influence of alcohol. She applied for, was approved for and ultimately placed on the Accelerated Rehabilitative Disposition Program pursuant to the provisions of 75 Pa.C.S. §3731(e)(6). Defendant's Chester County ARD supervision was not to expire until May 1, 1986. While under supervision pursuant to the terms imposed upon her admittance to the ARD program in Chester County, defendant was again arrested for driving under the influence in Bucks County on January 18, 1985. The *second* (in time) arrest for driving under the influence resulted in defendant being sentenced by the Honorable Kenneth G. Biehn of the Bucks County Common Pleas Court to a term of imprisonment of not less than 48 hours nor more than one year pursuant to the provisions of 75 Pa.C.S. §3731(e)(1)(i). The Chester County district attorney upon learning of the Bucks County conviction petitioned this court to remove defendant from the ARD program pursuant to the provisions of 75 Pa.C.S. §3731(e)(7), which petition was granted on January 28, 1986, by the Honorable Charles B. Smith Jr. Thereafter, defendant appeared before the undersigned on March 31, 1986, at which time she tendered a plea of guilty to the driving under the influence charge that was first in time of arrest, but

second in time for sentencing purposes. Her counsel argued that the conviction in Bucks County arose from an offense subsequent in time to the one then before the undersigned and therefore I was required to consider the pending matter as a first offense pursuant to 75 Pa.C.S. §3731(e)(1)(i). Counsel cited *Commonwealth v. Wolfe,* 349 Pa. Super. 415, 503 A.2d 435, (1986) as support for his position. I declined to accept *Wolfe* as controlling and proceeded to sentence the defendant to a term of imprisonment of not less than 30 days nor more than 23 months believing that that sentence was mandated pursuant to 75 Pa.C.S. §3731(e)(1)(ii). But for that belief, I would not have imposed the 30 day sentence. Accordingly, if *Wolfe* is controlling then the sentence imposed is erroneous.

If the interpretation urged by defendant is correct, it creates an absurd result. It would mean that any defendant charged with two driving-under-the-influence offenses would engage in a foot race with the commonwealth to have the case second in time disposed of first. The offense second in time would actually be a first offense before the sentencing judge and would result in a 48-hour mandatory minimum sentence. The offense first in time but second for sentencing purposes would then, under defendant's interpretation, not allow the second in time but first in sentencing disposition to be a conviction which would result in a mandatory minimum sentence of 30 days. This foot race would produce an absurd result and I am not unmindful of the fact that in interpreting a statute the Legislature does not intend an absurd result. 1 Pa.C.S. §1922(1).

Unfortunately, the language of *Wolfe* would seem to support defendant's interpretation and compel what this writer believes was not the intended legis-

lative result. The troublesome language from *Wolfe* is the definition of "prior conviction."

Prior conviction is defined pursuant to 204 Pa. Code §303.7(g) as:

"A prior conviction is defined as a case in which a verdict of guilty has been entered in the record and sentence has been imposed for an offense which occurred prior to the date of the current offense, notwithstanding any appeal taken on the prior offense."

The Superior Court further said at page 437 of volume 503 of the Atlantic Reporter that:

"When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of defendant's liberty, and if there is doubt, defendant must be given the benefit of the doubt." (citation omitted).

At the same page the court again stated that the above principle was consistent with the theory underlining habitual criminal legislation, viz that:

"It was not intended that the heavier penalty prescribed for the commission of a second offence [sic]should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation . . . is visited upon the one who had not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost." (citation omitted).

Although the Superior Court's reasoning in *Wolfe* is readily understandable in the context of recidivist and enhancement sentencing, I believe it has no application to the facts of this case. First and foremost, a defendant placed on ARD is in a state of legal limbo until the terms of the ARD order are complied

with. Upon being admitted to the program the defendant is told pursuant to Pa.R.Crim.P. 178(2) that, should he/she fail to complete the program satisfactorily, he/she may be prosecuted as provided by law. Section 75 Pa.C.S. 3731(e)(7) specifically provides for the revocation of accelerated rehabilitative disposition and requires that the court "*shall* direct the attorney for the commonwealth to proceed on the charges as prescribed in general rules" (emphasis supplied) if the defendant violates any term or condition of the program. Obviously, in this case the *second in time* arrest constituted a violation of the terms of defendant's ARD program, but did it call into play the provisions of 75 Pa.C.S. §3731(e)(2) when defendant appeared before Judge Biehn for sentencing? I think not. 75 Pa.C.S. §3731(e)(2) reads as follows:

"Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction."

That language is susceptible of two interpretations. One, that mere acceptance of the program constitutes a first conviction irrespective of whether or not the program is completed or; two, that ARD disposition implies satisfactory completion of the program. I believe that the latter construction is the appropriate one, otherwise the language of 75 Pa.C.S. §3731(e)(7) is mere surplusage and of no effect. This interpretation also comports with the principle that:

"When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason

that is to prevail but the one that operates in favor of the defendant's liberty, and if there is doubt, the defendant must be given the benefit of the doubt." *Wolfe*, supra at 437 (citation omitted).

Although the statute uses the word disposition, it doesn't define it. The rules of statutory construction indicate that where terms are not defined they are to be given their ordinary meaning. 1 Pa.C.S. §1903(a). Blacks Law Dictionary 423 (5th ed. 1979) defines disposition in a criminal procedure as being, "the sentencing or other final settlement of a criminal case." The American Heritage Dictionary, 2nd College Edition, defines disposition as being "a final settlement." Interpreting disposition to be a final settlement, that is, satisfactory completion of the terms of the ARD program allows subsections 3731(e)(2) and (7) to be reconciled with each other thereby achieving another of the stated purposes of statutory constructions. 1 Pa.C.S. §1921(a). A satisfactory completion of the ARD program allows that offense to thereafter be treated as a first conviction. An unsatisfactory completion of the program allows the commonwealth to remove defendant from the program and to try him/her. Under this approach the arrest second in time will, in fact, be the first driving-under-the-influence conviction and call for the minimum 48-hour sentence. No other result can follow inasmuch as a defendant removed from the ARD program is put back in the position he or she was in before entering the program, to wit, an *INDICTED, BUT UNCONVICTED DEFENDANT*. Accordingly, the judge facing the *second in time* defendant where the ARD program has not yet been completed has a situation where there is not an earlier conviction and should impose the 48-hour sentence. However, to allow a defendant removed from ARD because of a plea to the second in time offense

to then assert that the arrest first in time but second in time for sentencing should likewise result in a 48 hour sentence would be to nullify paragraphs (e)(2) and (7) of section 3731.

It is clear that the line of cases discussing "prior conviction" had their origin at a point in time when ARD programs did not exist and when this statute which was designed to stop the needless slaughter wrought by drunken drivers on our highways likewise did not exist. Accordingly, the rationale for those cases has no application to ARD matters as defendant's admission to the program automatically takes his/her case out of the traditional recidivist-enhancement test for the reasons previously stated. It is also important to note that the legislature chose to use the term "previously been convicted" as opposed to "prior conviction" in this statute. The use of the former term is but another indication that the traditional recidivist-enhancement type analysis need not occur. Lastly, to allow defendant to turn a program that she asked for and which was designed to benefit her into a means to avoid the legislatively mandated sentence would be to give meaning to Dickens' statement "the law is a ass."

The final underpinning of my decision is based on statutory language, to wit, "the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalties of this section." 75 Pa.C.S. §3731(e)(3). In addition to this direct statutory language there is also the rule of statutory construction which indicates that special provisions of a statute must prevail over general provisions of a statute. 1 Pa.C.S. §1933 states:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possi-

ble, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

Accordingly, the discussion of "prior conviction" relative to sentencing guidelines is irrelevant in the context of driving-under-the-influence cases in light of the legislative mandate and the application of statutory construction rules. Further, at the time the Legislature enacted the driving-under-the-influence statute it can certainly be charged with knowledge of the definition of "prior conviction" under the Pennsylvania Code. I note that the Legislature specifically did not use the term prior conviction, rather, it used "previously been convicted." Here, defendant had, at the time she appeared before me, "previously been convicted."

The construction I give to the penalty provisions of 75 Pa.C.S. §3731 does not have the ludicrous consequences which the Superior Court criticized in *Wolfe*, nor does it delegate sentencing to the district attorney's office. Rather, it allows a defendant twice convicted of driving under the influence to receive the sentence the Legislature called for. Thus my sentence.

## APPENDIX A

### NO. 1152-84 CHESTER COUNTY

| | |
|---|---|
| Date of Complaint | May 3, 1984 |
| Preliminary Hearing | May 31, 1984 |
| Admitted to ARD | August 14, 1984 |
| 2 years probation | |
| Petition to Remove from ARD | December 16, 1985 |
| Defendant removed from ARD | January 28, 1986 |

No. 935-85 BUCKS COUNTY

| | |
|---|---|
| Date of Complaint | January 18, 1985 |
| Preliminary Hearing | February 26, 1985 |
| Guilty Plea | May 30, 1985 |