585 A.2d 1027

COMMONWEALTH of Pennsylvania

v.

Michael E. EYSTER, Appellant (Three Cases).

COMMONWEALTH of Pennsylvania

v.

Murril LARSEN, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 10, 1990.

Filed Jan. 18, 1991.

Craig P. Miller, Lock Haven, for Michael E. Eyster.

Peter Rosalsky, Public Defender, Philadelphia, for Murril Larsen.

Merritt E. McKnight, Dist. Atty., Lock Haven, Hugh J. Burns, Philadelphia, Asst. Dist. Atty., for Com.

Stuart B. Suss, Asst. Dist. Atty., Lock Haven, amicus curiae in Nos. 415, 416 and 417.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, DEL SOLE, BECK and TAMILIA, JJ.

TAMILIA, Judge:

These appeals are taken from judgments of sentence and are together before the Court en banc for determination of their common issue: the proper interpretation and application of the term "previously convicted," as defined in 42 Pa.C.S. § 2154(a)(2), in determining a defendant's prior record score for sentencing purposes.[1] These cases present an issue of first impression under the new sentencing guidelines, 204 Pa.Code § 303.1 et seq., and the guidelines' enabling statute, 42 Pa.C.S. § 2151 et seq. As we find the appearance of a substantial question presented by appellants as to this issue, this Court grants allowance of appeal from the discretionary aspects of the sentences imposed

---

**1.** Neither appellant disputes that the sentencing court properly may consider other offenses in determining sentence, *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483 (1987), but only that the respective sentencing courts erred in using the prior convictions to determine appellants' prior record score.

upon appellants. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S. § 9781(b).

■ As an initial matter, however, before we may address the central issue of these appeals, we must first deal with the Commonwealth's contention that appellant Murrill Larsen's claim as to the discretionary aspects of sentencing has been waived for failure to raise the claim in a motion for reconsideration of sentence, as required by Pa.R.Crim.P. 1410.

Our Supreme Court in *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A.2d 395 (1984), relying on an earlier decision in *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978), held a discretionary sentencing issue is preserved for appellate review if raised either at the time of sentencing or in a motion to modify sentence. As neither *Walls* nor *Tomasso* have been overruled, and as appellant Larsen raised the issue now under review at the sentencing hearing, we find his claim has not been waived.

Turning now to the cases before us, a brief factual history of each case will expedite analysis of the issue as it relates to the respective cases.

## COMMONWEALTH v. EYSTER

Appellant Michael Eyster, charged with three separate sales of controlled substances, the first two for sale of cocaine and the third for sale of marijuana, entered negotiated pleas of guilty to all three offenses on March 3, 1989 and was sentenced on June 21, 1989. Appellant was sentenced to a term of three (3) to twelve (12) months imprisonment on the first offense, a consecutive sentence of nine (9) to thirty-six (36) months on the second cocaine offense and a consecutive sentence of six (6) to twelve (12) months for sale of marijuana. The trial court determined each of the three offenses stemmed from a separate transaction, and, therefore, determined the three convictions must be "stacked" under sections 303.6 and 303.7 of the sentencing guidelines. Thus, although sentencing for all three of-

fenses occurred on the same day, the court attached a prior record score of zero to the first offense, resulting in a prior record score of two on the second offense, both convictions resulting in a prior record score of four on the third offense. We are presented, then, with appellant's claim that the court erred in utilizing earlier convictions on the same day to enhance the prior record score, where the prior convictions did not precede the commission of the offense upon which sentence was currently being imposed.

## COMMONWEALTH v. LARSEN

Appellant Murrill Larsen was convicted on July 21, 1989 of unauthorized use of an automobile and receiving stolen property. Appellant was sentenced to a term of one and one-half (1½) to three (3) years imprisonment, based in part upon the trial court's consideration of two convictions for crimes which were committed before commission of the instant offenses, but for which conviction did not occur prior to commission of the instant offenses. Using the two earlier charges, the trial court adopted a prior record score of four and as in *Eyster, supra,* appellant claims the sentencing court erred under the applicable provisions of the sentencing guidelines and the sentencing code, which allow consideration of prior convictions in computing a prior record score only if both the conduct constituting the offense and the adjudication of guilt on that offense occurred prior to the commission of the later offense. In this case, while the commission of the other crimes was prior in time to commission of the current offense, conviction on the prior charges occurred subsequent to commission on the current charge.

## DISCUSSION *EYSTER*

On appeal, Eyster argues the three drug sales had, in fact, been part of a single transaction mandating computation of the prior record score only for the most serious offense under section 303.6. This turns on whether amend-

ments to the sentencing code have changed the law and its interpretation as was pronounced by this Court in *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986) (en banc), and *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d 435 (1986).

The sentencing commission, in its comments, has taken the view that the legislature, in amending the language of 42 Pa.C.S. § 2154 to include the definition of "previously convicted" to supersede *Mourar* and *Wolfe*, expressed an intent to permit the use of any earlier committed offenses to increase the prior record score, so long as conviction on that offense occurred prior to commission of the current offense. It goes on to state it is not necessary that a finding of guilt on the prior sentence occur before the current offense is sentenced and not necessarily before the commission of the current offense or verdict or plea on the current offense. This latter comment is confusing and contradictory to the wording of the statute infra.

As applied to *Eyster*, guilty pleas were entered on two offenses of delivery of cocaine, which occurred on April 26, 1988 and October 4, 1988, and to one count of delivery of marijuana, which occurred on October 11, 1988. Eyster had no prior convictions and, in a plea negotiated in consideration of his cooperation with the Commonwealth, he was promised the lowest minimum sentence authorized under the mitigated range of the guidelines. The trial court determined the sentencing guidelines require that the earlier offenses be utilized in computing the prior record score to be applied to the later offenses. Thus the April 26th offense carried a prior record score of zero (0), the April 26th conviction becoming a prior record score of two (2) for the October 4th count, the two earlier convictions, therefore, resulting in a prior record score of four (4) which was applied to the October 11th charge.

It is necessary that we review the amendment to the sentencing code, as promulgated by the legislature, to determine if the interpretation applied to the guidelines was correct. In making this determination, it is appropriate to

consider the precipitating factors leading to the legislative changes and to determine how those provisions would, in fact, be modified.

The changes worked by the legislation are contained in 42 Pa.C.S. § 2154. The prior statutory provision read, in pertinent part, as follows:

### § 2154. Adoption of guidelines for sentencing

The commission shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appropriate sentence for felonies and misdemeanors committed by a defendant. The guidelines shall:

. . . . .

(2) *Specify a range of sentences of increased severity for defendants previously convicted of a felony or felonies or convicted of a crime involving the use of a deadly weapon.*

(Emphasis added.)

Pursuant to *Mourar* and *Wolfe, supra,* this Court held a defendant must have been sentenced for a prior crime before the current crime was committed in order for the earlier crime to qualify for enhancement of a prior record score. This was determined after a review of history of recidivist legislation and case law in this state. Also, since the Sentencing Commission was empowered to enact guidelines to implement the legislation, this Court reviewed and applied those guidelines in deciding *Mourar* and *Wolfe.* Decisive in that respect was the interpretation given to prior conviction by the Sentencing Commission. At that time, the guidelines defined prior conviction as follows:

§ 303.7(g) **Prior Conviction.** A prior conviction is defined as a case in which a verdict of guilty has been entered in the record and sentence has been imposed for an offense which occurred prior to the date of the current offense, notwithstanding any appeal has been taken on the offense.

Based on simple logic and clarity of construction, the only reasonable conclusion we could reach was that the prior conviction *and sentence* must have preceded commission of the current offense in order to be included in prior record score calculations. *Wolfe, supra.*

The legislature, in response to *Wolfe* and *Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987), enacted amendatory legislation to clarify its intent as to its meaning of prior conviction (*Wolfe*) and prior juvenile offense (*Tilghman*), which brings us to the current cases and issue before us.

The legislation, pursuant to which the current guidelines are in effect, 42 Pa.C.S. § 2154, reads as follows:

### § 2154. Adoption of guidelines for sentencing

(a) **General rule.**—The commission shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appropriate sentence for defendants who plead guilty or nolo contendere to, or who were found guilty of, felonies and misdemeanors. The guidelines shall:

(1) Specify a range of sentences applicable to crimes of a given degree of gravity.

(2) Specify a range of sentences of increased severity for defendants previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense. For purposes of this section "previously convicted or adjudicated delinquent" shall include any finding of guilt or adjudication of delinquency whether or not sentence has been imposed or disposition ordered prior to the commission of the current offense.

In its implementation of this legislation, the Sentencing Commission took the prudent implementing step of redefining prior conviction and adjudication of delinquency by adopting the following statutory language:

§ 303.7(g) Prior convictions and adjudications of delinquency. A prior conviction means "previously convicted"

as defined in 42 Pa.C.S. § 2154(a). A prior adjudication of delinquency means previously adjudicated delinquent as defined in 42 Pa.C.S. § 2154(a)(2).

(204 Pa.Code §§ 303.1–303.9, effective April 25, 1988.) While the Commission has provided comments to interpret the legislative meaning, since those comments are confusing and the Commission is relying entirely on the legislative language for its interpretation of the meaning of prior conviction or previously convicted, wisdom dictates that we ascertain the legislative intent directly without having it filter through the Commission's attempts at clarification.

 Returning to the legislative pronouncement in section 2154, it becomes clear the legislature intended that in order for a prior conviction to apply to the prior record score, 1) the person must have been previously convicted; 2) for a crime committed before the current offense; 3) whether or not sentence has been imposed on the prior offense. The simplest, most direct interpretation which can be derived from the legislation is elimination from the decision of *Mourar, Wolfe* and the guideline definition of prior offense, the requirement that a person must have been convicted *and sentenced* before the commission of the subsequent offense, to qualify the prior offense for the prior record score. The legislative intent is clear: to provide for an enhancement of punishment for those persons who stand convicted but who await sentence and to serve as a deterrent for those persons, particularly when overcrowded jails increasingly require persons to be released pending sentencing. The amendment eliminates the grace period between conviction and sentencing. It does not, however, change the underlying philosophy espoused by *Mourar* and *Wolfe* that recidivist legislation attempts to encourage offenders to stay out of trouble and punishes recidivists who refuse to be deterred even after a conviction. For these reasons, it is obvious the legislature fully intended that the *commission and conviction* on the prior crime occur *before* the *commission* of the current crime in order for prior record score

points to apply. This interpretation prevents the stacking that occurred in *Wolfe* and which is implicated here.

█ In this case, three separate crimes were committed, but *before there were any convictions*, the run of crimes was completed. Therefore, the requirement of the statute that the guidelines shall "[s]pecify a range of sentences of increased severity for defendants *previously convicted* ... for one or more misdemeanor or felony offenses *committed prior to the current offense*" was lacking. 42 Pa.C.S. § 2154(a)(2) (emphasis added). To assure that the *Wolfe/Mourar* interpretation of *conviction* was altered to insure that *conviction* did not also include *sentencing,* it further mandated " 'previously convicted ...' shall include any finding of guilt ... *whether or not sentence has been imposed ... prior to the commission* of the current offense." *Id.* (Emphasis added).

While amicus and appellee would refer us to the comments of the legislators in debate and/or those of the Sentencing Commission, we believe it is unnecessary because we perceive no ambiguity in the statutory language, and the legislative change, which the amendment sought to achieve, is self-evident.

Applying the above construction to the facts of this case and to the manner in which the guidelines were applied to the sentence by the trial court, we hold the court erred in stacking the earlier charges which were not "previous convictions" of record at the time of commission of the crimes to which they were applied as prior convictions pursuant to section 303.7(g) of the guidelines. The proper prior record score to be applied to each of the convictions for sentencing purposes is zero.

We, therefore, vacate the sentence as imposed and remand for resentencing in conformity with this Opinion and in accordance with the negotiated plea.

## DISCUSSION—*LARSEN*

Turning to the sentencing of Larsen and applying the test we have developed in reviewing *Eyster* above, we must

conclude the court erred in sentencing in this case for similar reasons. The facts establish a different order of sentencing, but because the clear mandates of the statute, 42 Pa.C.S. § 2154, and the guideline section 303.7(g) were not followed, this case must be remanded for resentencing in accordance with this Opinion. A brief analysis of the sentencing procedure will point clearly to the defect which requires vacation of the sentence and remand.

Larsen was convicted on July 21, 1989 on the current charges of unauthorized use of an automobile and receiving stolen property. In sentencing Larsen to a term of one and one-half (1½) to three (3) years imprisonment, the court applied a prior record score of four to enhance this sentence. The score was derived from two offenses which, although they were *committed* before the December 18, 1988 commission of the current offense, did not result in *convictions* until *after* commission of the present offense. As we stated in our discussion regarding *Eyster*, the test provided by the statute is two-fold: 1) the person must have been previously convicted; 2) for a crime committed before the current offense. Whether or not the person has been sentenced on the prior offense is no longer relevant to this consideration. In this case, Larsen committed two crimes prior to the commission of the current offense, which satisfies one of the two prongs announced by the statute and guidelines. However, the *convictions* on those charges came *after* the commission of the current offense.[2] Since the second prong requires *conviction* on the earlier offense

---

**2.** Defendant's offenses and convictions, in chronological order, are as follows:

*1988* April 29, 1988—Defendant committed armed burglary-robbery (offense 1)

August 30, 1988—Defendant committed felony drug conspiracy offense (offense 2)

December 18, 1988—Defendant committed instant offense, theft and unauthorized use of a car (instant offense)

*1989* May 17, 1989—Defendant found guilty of offense 1

July 18, 1989—Defendant found guilty of offense 2

July 21, 1989—Defendant found guilty of instant offense

September 22, 1989—Defendant sentenced on instant offense; offenses 1 and 2 counted in calculating defendant's prior record score.

prior to *commission* of the current offense, the application of a prior record score of four to the current offense, based on those offenses, is error. The prior record score in this case must be zero.

Obviously, this appears to give the defendant an unwarranted benefit, but it is impossible to provide a sentencing code which covers every possible contingency that may arise in sentencing. It is better for consistency and uniformity of interpretation to be applied across the board for the vast majority of cases while a few defendants in infrequent cases receive a benefit, than to create a cumbersome, confusing and error prone system which breeds continued litigation. We believe the statute is clear and unambiguous and our application herein is the only possible one to the facts of this case. To adopt appellee's position would be to permit any combination of dates of commissions of crimes and convictions, to result in application of prior record score points and thereby make meaningless language clearly intended to provide a sequential ordering in keeping with long standing due process considerations and recidivist philosophy. Even though there might be two interpretations of the statute, which we do not concede, what we said in *Wolfe, supra,* bears repeating:

> When a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty, and if there is doubt, the defendant must be given the benefit of the doubt.

*Commonwealth v. Smith,* 333 Pa.Super. 155, 481 A.2d 1352, 1355 (1984) (citations omitted). This principle is in turn consistent with the theory underlying habitual criminal legislation, viz. that:

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation.... is

visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Sutton,* 125 Pa.Super. 407, 189 A. 556 (1937) (citations omitted).

*Id.,* 349 Pa.Superior Ct. at 418–19, 503 A.2d at 437.

We are convinced that in most cases when the Commonwealth intends to take advantage of previous conviction scores, where crimes are committed and prosecuted in a tight time-frame and in close proximity to each other, attention to procedural time lines will minimize the problem. We believe, however, as we have described in *Mourar* and *Wolfe, supra,* the intent of recidivist legislation is to deal with persons as recidivists over a broad spectrum of time and criminal activity and is not designed nor intended to be a numerical stepladder to accumulate points to enhance sentences for people involved in crime sprees in abbreviated time frames, or cases stretched out by law enforcement officials attempting to maximize their efforts in corralling persons involved in a network of criminal activity. The sentencing guidelines have sufficient flexibility within the structured ranges to account for those circumstances without application of enhancement factors derived from prior record scores.

For the above reasons, the judgment of sentence is vacated and the case remanded for resentencing consistent with this Opinion.