633 A.2d 1210

**COMMONWEALTH of Pennsylvania,**

v.

**Charles KANE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Nov. 23, 1993.

Peter Rosalsky, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and McEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We vacate and remand.

On October 5, 1988, appellant Charles Kane was charged with possession and possession with intent to deliver a controlled substance. While awaiting trial, Kane committed another offense on November 8, 1989. In July of 1992, Kane was sentenced for the October 5 offense. Kane was convicted of the second offense on May 3, 1990 and sentenced for that offense on July 16, 1990. The events may be outlined as follows:

October 5, 1988—commission of first offense

November 8, 1989—commission of second offense

May 3, 1990—conviction on second offense

July 16, 1990—sentencing on second offense

**July 8, 1991—conviction and sentencing on first offense**

Thus, Kane was sentenced on his second offense prior to conviction for his first offense. When sentencing Kane on his first offense, the court utilized the recidivist provision of 18 Pa.C.S. § 7508(a)(3)(i) [1] and sentenced Kane to serve a term of imprisonment of three to six years and to pay a fine of $10,000.00. Section 7508(a)(3)(i) provides:

A person convicted of violating ... The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves [cocaine] ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and fine as set forth in this section:

(i) upon the first conviction when the amount of the substance involved is at least 2.0 grams and less than ten grams; ... and *upon conviction for another offense subject to sentencing under this section: three years in prison and $10,000.00....*

18 Pa.C.S. § 7508(a)(3)(i) (emphasis added).

On appeal, Kane contends that the sentencing court incorrectly ruled that the enhancement provision applied. Kane was sentenced for his second offense prior to his sentencing for the first offense; however, at the time of sentencing on the first offense, Kane indeed had a prior conviction.

---

1. Section 7508 was amended on December 19, 1990, P.L. 1451, No. 219, § 4, 18 Pa.C.S. § 7508(a)(3)(i) (Supp.1992). The amended section reads:

> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> (1) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 ...; however, **if at the time of sentencing the defendant has been convicted of another drug trafficking offense; three years in prison and $10,000....**

18 Pa.C.S. § 7508(a)(3)(i) (Supp.1992).

The parties here agree that the pre-amendment language is applicable. The offense in question occurred prior to the 1990 amendment, in October of 1988, and, therefore, we will apply section 7508 as it read prior to the 1990 amendment.

In order to be subject to the recidivist penalty under this section, the *prior conviction must precede the current offense* for which the defendant is being sentenced. "[F]or a prior conviction to serve as an enhancer ... the conviction must precede the commission of the later offense." *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991), *affirmed* 533 Pa. 294, 621 A.2d 990 (1993).[2] Here, the prior conviction (May, 1990)[3] did not precede the commission of the current offense, the offense for which Kane was sentenced under the enhancement provision (October, 1988). *Id.*

Due to the fortuitous delay in trial on the first offense, the application of the law works in Kane's favor. As this court *en banc* recently observed:

[Defendant] does not fall within that class of persons for which the enhancement penalty was intended.

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone except the incorrigible one, who after being reproved, "still hardeneth his neck." If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Tobin,* 411 Pa.Super. 460, 463, 601 A.2d 1258, 1260 (1992), *affirmed* 533 Pa. 322, 623 A.2d 814 (1993) (quoting *Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937)); *see also Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426 (1989) ("When the term 'conviction' is used in a statute, it means 'the ascertainment of the guilt of the accused and judgment thereon by the court,' " stating our ancient rule in *Commonwealth v. Minnich,* 250 Pa. 363, 367, 95 A. 565, 567 (1915)); *Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992) (en banc), *affirmed* 533 Pa. 322, 623 A.2d 814 (1993); *Commonwealth v. Eck,* 411 Pa.Super.

**2.** We note that this is the majority rule in this country. *See Dickerson,* 404 Pa.Super. at 259, 590 A.2d at 771, *citing* Annot. 24 A.L.R.2d 1247.

**3.** The term "convicted" means "found guilty" and not "found guilty and sentenced." *Commonwealth v. Beasley,* 505 Pa. 279, 479 A.2d 460 (1984).

465, 601 A.2d 1261 (1992) (en banc), *alloc. denied*, 533 Pa. 607, 618 A.2d 398; *Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc), *appeal denied*, 529 Pa. 646, 602 A.2d 857 (1992). *See generally* 39 Am.Jur.2d Habitual Criminal § 6 ("It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.").

The Commonwealth argues that the statutory language requires that the sentencing court focus upon the defendant's status *at sentencing*. The Commonwealth contends that since at the time of sentencing on Kane's first offense, July 8 1991, he had already been convicted of his second offense, he was, therefore, a second offender. This argument is, at first glance, appealing. Arguably, a defendant may be sentenced twice as a first offender depending upon the time span between offenses, convictions and sentencing. Were we to adopt the Commonwealth's view, however, the basis for recidivist penalties would be lost. An enhanced penalty would then be grounded on fortuitous delay or scheduling rather than the underlying philosophy of recidivist penalties. *See Sutton, supra; see also Commonwealth v. Wolfe*, 349 Pa.Super. 415, 419, 503 A.2d 435, 437 (1986) ("The point then of enhancement provisions is to punish those more who have persisted in criminal activity despite the salutary effect of penal discipline."); *Commonwealth v. Mourar*, 349 Pa.Super. 583, 593, 504 A.2d 197, 203 (1986) ("Legislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense. It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.").

Assuming, *arguendo*, that there exists more than one interpretation of the statute, it has been stated that

> [w]hen a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty, and if there is doubt, the defendant must be given the benefit of the doubt.

*Eyster*, 401 Pa.Super. at 488, 585 A.2d at 1033 (quoting *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 418–19, 503 A.2d 435, 437 (1986) (citations omitted)). *See also* 1 Pa.C.S. § 1928(b) (penal provisions of a statute shall be strictly construed).

Consistent with the theory underlying the principle of recidivist penalties, the rules of statutory construction and the pronouncements in this Commonwealth, we conclude that in order to apply recidivist or enhancement provisions for sentencing purposes under the statute in question, a defendant must be convicted of the prior offense before the commission of the subsequent offense. Accordingly, the judgment of sentence is vacated and the case is remanded for resentencing.

Vacated and remanded. Jurisdiction relinquished.