568 A.2d 738

**WASTE CONVERSION, INC., Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1989.

Decided Jan. 8, 1990.

Petition for Allowance of Appeal Denied
July 2, 1990.

444

Richard L. Caplan, Caplan & Luber, Philadelphia, for appellant.

Roseann B. Termini, Deputy Atty. Gen., Appeals & Legal Services Section, with her, Ernest D. Preate, Jr., Atty. Gen., Anthony Sarcione, Executive Deputy Atty. Gen., Director of Crim. Law Div., Gregory B. Abeln, Chief Deputy Atty. Gen., Environmental Crimes Section, and Robert A. Graci, Chief Deputy Atty. Gen., Appeals & Legal Services Section, for appellee.

Keith Welks, Chief Counsel, with him, Janice V. Quimby, Asst. Counsel, Philadelphia, for amicus curiae, Dept. of Environmental Resources.

Terry R. Bossert, with counsel, Elizabeth A. Dougherty, McNees, Wallace & Nurick, Harrisburg, for amicus curiae, Pa. Chamber of Business and Industry.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

Waste Conversion, Inc., (Appellant) appeals from an order of the Lycoming County Court of Common Pleas which denied Appellant's post-verdict motions and imposed a fine for Appellant's violation of section 610(8)(i) of the Solid Waste Management Act (Act).[1] We affirm.

Appellant was convicted of violating the Act following a non-jury trial based upon stipulated facts. The pertinent

1. Section 610(8)(i) of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. § 6018.610(8)(i).

facts are as follows. Appellant operates, a hazardous and residual waste treatment, storage and disposal facility in Montgomery County, Pennsylvania under a Department of Environmental Resources (DER) license. Appellant hired Wills Trucking Company of Ohio (Wills) to transport processed waste to disposal facilities. Appellant's employees loaded non-hazardous waste into a truck owned and driven by Al Cullenen (Driver) who was an independent hauler hired by Wills. Driver was to transport the waste to a disposal site in Michigan.

Appellant's employees loaded Driver's truck to 83,500 pounds.[2] Driver was traveling on Route 80 when he became aware that state police were operating a weigh station ahead. To avoid detection of the excessive weight, Driver re-routed the truck to a back road. Unable to negotiate the hill, Driver backed down the road to a more level position. While attempting to redistribute the load by raising the bed of the trailer, a substantial amount of waste slid out of the truck and onto the side of the road. With a lighter load, Driver was able to negotiate the hill.

After an investigation by the Toxic Waste Investigation and Prosecution Section of the Office of Attorney General, the waste was traced to Appellant. Appellant, Driver and Wills were charged with violations of the Act. Only Appellant's case is before us.

Appellant filed a motion to quash the information and a petition to declare section 610(8)(i) of the Act unconstitutional. The trial court denied the motion and the petition. At a non-jury trial Appellant was found guilty of violating the Act. Appellant filed post-trial motions again questioning the constitutionality of section 610(8)(i) of the Act. These motions were denied. At sentencing, Appellant was fined $10,000. Appellant has filed this appeal.

Appellant raises the following issues: 1) whether the trial court erred in finding section 610(8)(i) of the Act constitutional; 2) whether the trial court's interpretation of the Act

2. This is 3,500 pounds more than the allowable weight limit under Pennsylvania law.

defeats the Act's purpose; and 3) whether the trial court erred in rejecting the "objective impossibility" defense.

## I. CONSTITUTIONALITY

Section 610(8)(i) of the act provides in pertinent part as follows:

It shall be unlawful for any person or municipality to:

. . . .

(8) Consign, assign, sell, entrust, give or in any way transfer residual or hazardous waste which is at any time subsequently, by any such person or any other person; (i) dumped or deposited or discharged in any manner into the surface of the earth or underground or into the waters of the Commonwealth unless a permit for the dumping or depositing or discharging of such residual or hazardous waste has first been obtained from the department.

The criminal penalties section of the Act under which Appellant was convicted and sentenced, section 606, 35 P.S. § 6018.606, states in pertinent part as follows:

(b) Any person other than a municipal official exercising his official duties who violates any provision of this act, any rule or regulation of the department, any order of the department, or any term or condition of any permit, shall be guilty of a misdemeanor of the third degree and, upon conviction, shall be sentenced to pay a fine of not less than $1,000 but not more than $25,000 per day for each violation or to imprisonment for a period of not more than one year, or both.

. . . .

(i) With respect to the offenses specified in subsections (a), (b), (c) and (f), it is the legislative purpose to impose absolute liability for such offenses. . . .

(j) With respect to the offenses specified in subsections (a), (b), (c), (d), (e), (f) and (g), it is the legislative purpose to impose liability on corporations.

 Appellant argues that Act could impose absolute liability on a defendant for acts extraordinarily remote in time and place from a defendant's contact with the actual perpetrator and therefore violates due process on its face. However, this is not the case before us. To engage in Appellant's analysis would require us to adjudicate the rights of parties not presently before the court at the insistence of a party who does not have standing to assert such rights. It is for this reason that facial attacks on the validity of statutes are not generally permitted. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976). Therefore, we will confine this opinion to the facts before us.

 Appellant argues the ultimate waste dumper was an independent contractor whose actions were beyond Appellant's control. Without the ability to control the Driver's conduct, Appellant argues that the Act violates Appellant's right to substantive due process.

In examining the constitutionality of a statute, there is a strong and fundamental presumption that the legislature has acted within constitutional bounds. *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 515 A.2d 1358 (1986). One challenging the constitutionality of a legislative enactment bears a heavy burden of demonstrating that it clearly and palpably violates some specific mandate or prohibition of the constitution. *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983).

Appellant relies upon *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960). In *Koczwara*, the supreme court vacated the jail sentence of a tavern operator who was held vicariously liable for the liquor code violations of an employee. However, the court upheld a $500 fine imposed upon the tavern owner despite his due process

arguments. The court noted that the actual violations were committed without the personal knowledge, participation or presence of the defendant. Appellant relies upon the following court language "[o]ur own courts have stepped in time and again to protect a defendant from being held criminally responsible for acts about which he had no knowledge and over which he had little control." *Id.*, 397 Pa. at 586, 155 A.2d at 830. Appellant asserts that this language requires that a defendant must have at least some degree of control over the actual perpetrator to be held vicariously liable for his actions.

An examination of the Act reveals that Appellant can be deemed to have such control. A purpose of the Act is to implement the will of the people as expressed in Article I, section 27 of the Pennsylvania Constitution, *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 515 A.2d 1358 (1986), which provides:

**Natural resources and the public estate**

The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

The Act is a comprehensive scheme designed to protect the public from health and environmental hazards caused by inadequate solid waste practices. Appellant, as a corporation licensed to operate in this hazardous business, owes the highest duty of responsibility to insure that the citizens of this state are protected from the dangers necessarily a part of waste disposal. This was a principle reason for the legislature's imposition of strict vicarious liability. By undertaking the responsibility to dispose of waste, Appellant has assumed the duty to ensure that it is completed as required by the Act. Appellant cannot absolve itself of this responsibility by transferring it to independent contractors and claiming that it has no control over them. We hold

that, because Appellant has assumed responsibility in the waste disposal process, Appellant maintains control of the independent contractors it hires for the purpose of its waste disposal duties. Appellant's failure to maintain control cannot be used as a defense to avoid liability.

Appellant also relies upon *United States v. Georgetown University,* 331 F.Supp. 69 (DC Cir.1971). In *Georgetown,* the University was prosecuted for violating Federal Environmental Laws when a University employee, while working with an independent contractor to test the University heating plant, caused a fuel oil discharge into the Potomac River. The court ruled that the University lacked sufficient control over the facilities and mechanical apparatus to render it liable under the statute. The court held that the independent contractor had "borrowed" the University employee and therefore, because the employee was acting as an agent of the independent contractor, the University could not be held vicariously liable for the employees actions.

Appellant notes the following language from *Georgetown:*

> The court is fully aware that the purpose of the relevant statutes in the case at bar is to minimize possible injuries to persons and property. Accordingly, specific intent to violate them is not required. The court believes that there can be no violation unless the defendant is in a position to prevent such damage.... When one is not in control of facilities which lead to a violation of statutes like those in the case at bar, the ultimate result or damage to persons or property should be examined in light of the congressional policy to impose strict liability upon only those corporations or individuals who have it peculiarly within their power through the exercise of due diligence to protect the public. To stretch the instant statutes to their logical extreme would be to allow the government to criminally indict even the most unrelated persons and business entities instead of the real perpetrator.

331 F.Supp. at 73. Appellant asserts that, as with the University, it had no control over the independent contractor who dumped the waste and therefore can not be held vicariously liable for violating the act.

*Georgetown* is not applicable in this case. First, the court stated "this decision is limited to the peculiar facts and circumstances of the instant case." *Id.* at 69–70. Further, unlike the University, Appellant is the focus of the regulatory scheme that imposes control over subsequent waste handlers in the disposal chain. Under this analysis, we hold that Appellant had sufficient control over the method of disposing of the waste after it took possession to impose absolute vicarious liability.

■ Appellant next asserts that the $10,000 fine imposed is too high for absolute vicarious liability. Appellant, citing *Koczwara,* argues that only "light monetary fines" are permissible for vicarious liability under the doctrine of due process. In *Koczwara,* the court struck a jail sentence but upheld a $500 fine for vicarious liability of an individual tavern owner. Appellant argues that vicarious liability penalties are therefore limited to the $300 to $500 range.

*Koczwara* was decided in 1959. The fine was levied upon an individual. Here, trial court levied a $10,000 fine upon a corporation consistent with the Act. Certainly, we cannot be locked into the $500 fine imposed in *Koczwara* for all time in all cases. Under the circumstances of this case, we hold that Appellant's fine does not clearly and palpably violate the due process clause.

Accordingly, we hold that, under the circumstances of this case, Appellant's right of due process was not violated by the Act.

## II. LEGISLATIVE INTENT

■ Appellant next argues that the trial court's interpretation of the Act frustrates the legislative intent. Appellant argues that the purpose of the Act is to encourage private enterprise to undertake solid waste management.

In support of this argument, Appellant relies upon section 102(11) of the Act, 35 P.S. § 6018.102(11) which states in pertinent part as follows:

(11) Utilize, wherever feasible, the capabilities of private enterprise in accomplishing the desired objectives of an effective comprehensive solid waste management program.

The policy of encouraging private enterprise to accomplish the objectives of the Act is consistent with the imposition of absolute vicarious liability. We cannot assume that private enterprise will refuse to dispose of solid waste simply because it must take responsibility for accomplishing safe and clean disposal under the Act.

### III. IMPOSSIBILITY DEFENSE

■ Finally, Appellant argues that the trial court erred in rejecting its "impossibility" defense. Appellant relies upon *United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975) for the proposition that strict criminal liability may only be imposed where potential defendants enjoyed a responsible relation to the situation. *Park* permitted corporate agents to escape criminal liability by demonstrating that they were powerless to prevent or correct the violation. Appellant argues that there is no evidence to show that it could have prevented the Driver from dumping the waste improperly.

As we stated above, once Appellant undertook the task of disposing of the waste, it had the obligation to see that the task was completed in compliance with the Act. The trial court did not err in rejecting the impossibility defense.

Accordingly, the trial court is affirmed.

COLINS, J., dissents.

### ORDER

AND NOW, January 8, 1990, the order of the Lycoming County Court of Common pleas in the above captioned matter is affirmed.