510

576 A.2d 400

**COMMONWEALTH of Pennsylvania**

v.

**Gary R. BARTLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 1990.

Filed June 22, 1990.

Larry Puntureri, New Castle, for appellant.

William M. Panella, Dist. Atty., New Castle, for Com., appellee.

Before TAMILIA, CERCONE and HESTER, JJ.

TAMILIA, Judge:

Appellant brings this appeal from the judgment of sentence entered November 3, 1989 following his conviction of

selling a non-controlled substance upon representation it was a controlled substance and selling a non-proprietary drug.[1] Following his conviction, appellant filed timely post-verdict motions, which the trial court denied in a September 27, 1989 Opinion and Order.[2] The trial court subsequently sentenced appellant to serve a two (2) to four (4) year term of imprisonment. The trial court denied appellant's motion to modify sentence, and appellant now appeals to this Court.[3]

Appellant contends the trial court's utilization of the prior record score of six, which allegedly took two robbery convictions into account, compromised the sentencing scheme as a whole. He bases his assertion on the fact that the robbery convictions did not precede commission of the principal offense and thus could not be included in prior record score calculations. *See Commonwealth v. Wolfe*, 349 Pa. Super. 415, 421, 503 A.2d 435, 439 (1986). We agree with appellant's analysis under *Wolfe*, however, although we have carefully examined the record and pre-sentence report which we requested from the Lawrence County Clerk of Courts, we are unable to determine with certainty what appellant's prior record score would be with and without the robberies. A guidelines sentencing form apparently was not prepared and the crimes and dates of prior offenses contained in the pre-sentence report are not always consistent. Based on all of the information before us, therefore, we reject appellant's contention the sentencing scheme may have been compromised. Appellant's conviction under 35 P.S. § 780–113(a)(35) is a felony punishable by imprisonment not exceeding five years or a fine not exceeding ten thousand dollars ($10,000) or both. 35 P.S. § 780–113(i).

1. 35 P.S. § 780–113(a)(35)(ii).

2. Appellant was also found guilty of violating 35 P.S. § 780–113(a)(15) and sentenced to six (6) to twelve (12) months incarceration, that sentence to run concurrent to that on appeal.

3. We admonish the Lawrence County District Attorney's Office for its failure to file its brief in this case. Merely because this case has been submitted and not argued before the Court does not entitled appellee to shirk its obligations to this Court.

Appellant's sentence then is clearly within the applicable legal limits.

Since our pronouncement in *Wolfe*, the Supreme Court has restricted the rigid application of guideline provisions in establishing a sentence. Rather, it has relied more on the total application of the sentencing code as a whole, permitting the trial judge broad discretion within that code and limiting our review to a determination of whether the trial judge has complied with the general requirements of the code based on adequate information supplied by a pre-sentence report. The sentencing court is under no obligation to employ checklists or any systematic definitions of its punishment procedure. *Commonwealth v. Devers*, 519 Pa. 88, 96, 546 A.2d 12, 18 (1988). The sentencing guidelines are merely that—guidelines. The sentencing court, having been fully informed by the complete pre-sentence report, is entitled to have its decision left undisturbed. *Id.* Accordingly, we presume, as we must, the sentencing court properly pronounced sentence as it did, where the court has before it the pre-sentence report and the sentence was within legal limits.

In the instant case, a pre-sentence report was available to the court prior to sentencing. Additionally, defense counsel stated, at the time of sentencing, he had no objection to the court's consideration of the pre-sentence report (S.T., 11/3/89, p. 1). Because the record clearly shows the sentencing court was fully informed by the pre-sentence report, and there was extensive dialogue between counsel and the court concerning the sentencing report, guidelines and the extent of the sentence, we defer to the discretion of the sentencing court in imposing sentence.

Judgment of sentence affirmed.