588 A.2d 988

Al CULLENEN, Appellant,

v.

COMMONWEALTH of Pennsylvania, Appellee.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.

Decided March 21, 1991.

1. The first amended complaint was not addressed to this issue.

510

512

Lee A. Ciccarelli, with him, Angela C. Lovecchio, Williamsport, for appellant.

Roseann B. Termimi, Deputy Atty. Gen., with her, Robert A. Graci, Chief Deputy Atty. Gen., Anthony Sarcione, Executive Deputy Atty. Gen., and Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for appellee.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Al Cullenen (Cullenen) appeals from a judgment of sentence of the Court of Common Pleas of Lycoming County which denied his pre-trial motions that had been renewed as post-verdict motions and which denied his motion to modify sentence. We affirm.

Cullenen was convicted and sentenced for violating the Solid Waste Management Act[1] (Act). Cullenen is an independent over the road tractor-trailer (truck) operator from Toledo, Ohio who owned and leased his truck to Wills

[1]. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003.

Trucking Company of Ohio (Wills). Wills, in turn, leased the truck with Cullenen as driver to Waste Conversion, Inc.[2] (Waste Conversion).

On September 14, 1987, Cullenen's truck was loaded with non-hazardous waste to be transported from Waste Conversion's facility to a disposal site in Michigan. While traveling on Route 44 in Pennsylvania en route to Michigan, Cullenen was unable to crest Elimsport mountain due to the weight of his load.[3] Cullenen backed down the hill an undetermined distance and dumped a substantial amount of the waste on the side of the road. Since the load on his truck was considerably lighter, Cullenen was able to negotiate the hill and continued to his destination.

The regional office of the Department of Environmental Resources (DER) was informed of an apparent dumping of waste material[4] on Route 44. The DER contacted the Bureau of Criminal Investigation of the Attorney General's office for the purpose of initiating an investigation. The Environmental Crime Section of the Attorney General's office conducted an investigation and determined that the material originated from Waste Conversion's facility. Records from Waste Conversion identified Cullenen as the possible driver of the truck which dumped the waste. A couple of volunteer firemen reported having observed a truck fitting the description of Cullenen's vehicle on Route 44 on the day in question.

After contacting Cullenen's dispatcher, the Attorney General's office discovered that Cullenen would be making a

2. Waste Conversion operates a licensed hazardous and residual waste treatment, storage, and disposal facility outside of Philadelphia in Montgomery County. Waste Conversion has an industrial process which converts liquid, hazardous corrosive waste into a non-hazardous waste sludge.

3. Cullenen's truck was loaded with 83,500 pounds of non-hazardous waste which was 3,500 pounds in excess of the maximum gross weight for this type of truck while traveling on a Pennsylvania highway. 75 Pa.C.S. § 4941.

4. The material dumped along Route 44 contained crushed drums, non-hazardous waste sludge, wood, rags, automobile filters, rubber gloves, boots, tyvek suits and hydraulic filters.

delivery to the Bethlehem Steel plant in Sparrows Point, Maryland on September 24, 1987. Two agents from the Attorney General's office traveled to the steel plant and interviewed Cullenen regarding the load of material that was dumped in Lycoming County. Cullenen admitted to being the driver of the truck that dumped the waste and agreed to give a statement to that effect.

On October 29, 1987, a criminal complaint was filed against Cullenen[5] for: a) "disposed of a residual waste contrary to the rules and regulations of the DER in violation of 35 P.S. § 6018.302(a), a misdemeanor"; and b) "dumping or depositing a solid waste onto the surface of the ground without a permit from DER, 35 P.S. § 6018.-610(1), a misdemeanor"; they are misdemeanors of the third degree.

Cullenen turned himself in and was preliminarily arraigned on September 8, 1988. Cullenen waived his preliminary hearing on October 27, 1988. The Attorney General's office filed criminal information No. 88–11,222 on November 21, 1988 which charged Cullenen with two counts: 1) illegal disposal of a residual waste, 35 P.S. § 6018.302(a); and 2) illegal dumping or depositing of a solid waste, 35 P.S. § 6018.610(1).

Cullenen filed pre-trial motions to suppress the statements made during his interview with the two agents and to dismiss the charges for undue delay of prosecution pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Pa.R.Crim.P. 1100.[6] Both motions were denied and a non-jury trial on a stipulated set of facts was held on May 30, 1989.

By order dated May 30, 1989, the trial court found Cullenen guilty on both counts as charged in the information.

---

**5.** Complaints were also filed against Waste Conversion and Wills. *See, Waste Conversion, Inc. v. Commonwealth,* 130 Pa.Commonwealth Ct. 443, 568 A.2d 738 (1990), *allocatur denied,* 525 Pa. 621, 577 A.2d 892, *cert. denied,* —— U.S. ——, 111 S.Ct. 253, 112 L.Ed.2d 211 (1990).

**6.** Pa.R.Crim.P. 1100 relates to a defendant's rights with regard to a prompt trial and is set forth in pertinent part *infra.*

Cullenen renewed his pre-trial motions as oral post-verdict motions which were both denied. The trial court ordered a pre-sentence investigation report to be prepared. By order dated October 31, 1989, Cullenen was sentenced, only on the count of illegal disposal of a residual waste, to pay the costs of prosecution, to pay a fine in the amount of $7,500, and to undergo incarceration in the Lycoming County Prison for an indeterminate period of one to twelve months.

There was no sentence imposed on the count of illegal dumping or depositing of a solid waste. The trial court, after finding guilt on both counts, elected to impose a sentence only with respect to one of the counts. Ordinarily, the trial court must make a sentence disposition with regard to all charges where multiple charges exist so as to avoid piecemeal appeals.

At the conclusion of the trial, the judge stated, "[t]he Court is going to find guilt on both, I tend to agree with Mrs. Lovecchio (Cullenen's counsel) that they're so close and the gravamen of the conduct is both [sic] my sentence would be concurrent...." The judge further stated at the sentencing hearing:

> Your Counsel has submitted a memo that they should be considered as merging because they both involve essentially the same behavior, and I should say to Counsel that whether they technically merge or not, as far as I am concerned, it would in any sentence [sic] would be a concurrent type of thing because really the behavior is the same that we are looking at.

■ The doctrine of merger has been invoked to limit duplicitous sentencing where one crime necessarily involves another or where a defendant committed what in effect amounts to a single criminal act. *See, Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986); *see also, Commonwealth v. Williams*, 386 Pa.Superior Ct. 322, 562 A.2d 1385 (1989) (en banc). We find under the circumstances that there was a merger of offenses. Thus, the trial court properly sentenced Cullenen on only one count which also disposed of the second count.

Cullenen filed a timely motion to modify sentence which was denied by the trial court by order dated November 14, 1989. Cullenen then filed this appeal from the judgment of sentence.[7]

Cullenen raises the following issues: 1) whether the trial court erred in denying the motion to suppress evidence; 2) whether the trial court erred in denying the motion to dismiss; and 3) whether the trial court erred and/or abused its discretion in sentencing him to pay a fine and requiring him to undergo imprisonment.

## Motion to Suppress Evidence

Cullenen asserts that his statements made to the agents should have been suppressed since they were made in violation of his rights under the United States and Pennsylvania Constitutions. Cullenen maintains that he did not knowingly, intelligently or voluntarily waive his right to counsel or his right to remain silent prior to making such statements since he did not receive *Miranda*[8] warnings. Cullenen maintains that the statements should be suppressed because they were coerced and the product of a custodial interrogation.

Upon arriving in Sparrow's Point, the two agents from the Attorney General's office (agents) contacted the Bethlehem Steel Plant Police Department and alerted the guard at the front gate that they wished to talk with Cullenen who was scheduled to make a delivery. Cullenen arrived at the front gate at approximately midnight and was informed that the agents sought to speak with him. The two agents walked over to Cullenen's truck, identified themselves to him, and expressed their interest in talking to him about the

7. Cullenen originally filed a notice of appeal on November 30, 1989 with the Superior Court. The appeal was properly transferred to this Court on January 10, 1990 pursuant to Section 762(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(2)(ii). *See, Harmon v. Commonwealth,* 119 Pa.Commonwealth Ct. 1, 546 A.2d 726 (1988), *allocatur denied,* 523 Pa. 643, 565 A.2d 1168 (1989).

8. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

load of material that was dumped in Lycoming County. The agents told Cullenen that they had no intention of arresting him that night and were merely conducting an investigation of the incident. Cullenen was not given *Miranda* warnings.

Cullenen accompanied the agents to their vehicle which was in an outdoor parking lot approximately thirty yards from the front gate. Cullenen was questioned while he and one of the agents sat in the front seat of the vehicle. The position of the second agent during the interview is disputed.[9] Cullenen was shown various documents and papers which identified the load and him as being the possible driver. The agents explained to Cullenen that Pennsylvania law provides that trucks involved in the intentional dumping of hazardous waste are subject to forfeiture. After approximately twenty minutes into the interview, Cullenen admitted to being the driver who dumped the waste and agreed to give a statement. The entire interview lasted approximately one hour.

■ Cullenen asserts that he was coerced into giving the statement. Cullenen alleges that the agents threatened to impound his truck at anytime if he failed to cooperate. However, at the suppression hearing, Cullenen conceded that the agents explained to him that, in Pennsylvania, the law provides that if hazardous waste is dumped intentionally, the truck is subject to forfeiture. The agents merely explained the applicable law to Cullenen and in view of all the circumstances surrounding the interview, such explanation cannot be deemed to be coercive.

■ Cullenen also asserts that his statement was the product of a custodial interrogation and should be suppressed. Custodial interrogations occur when law enforcement officers initiate questioning after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Miranda*, 384 U.S. at 444, 86 S.Ct. at

9. The Attorney General's office maintains that the second agent stood outside an open car door. Cullenen contends that the second agent was sitting in the back seat during the interview.

1612. It is important to note, that while a seizure of a person by police triggers Fourth Amendment protections, it does not automatically trigger *Miranda* rights under the Fifth Amendment. *Commonwealth v. Ellis*, 379 Pa.Superior Ct. 337, 549 A.2d 1323 (1988), *allocatur denied*, 522 Pa. 601, 562 A.2d 824 (1989). *Miranda* warnings are only required prior to custodial interrogations. *Id.*, 379 Pa.Superior Ct. at 350, 549 A.2d at 1329; *see also, Beckwith v. United States*, 425 U.S. 341, 345–46, 96 S.Ct. 1612, 1615–16, 48 L.Ed.2d 1 (1976).

■ Police detentions only become custodial when, under the totality of the circumstances, the conditions and/or duration of the detention become so coercive as to constitute the functional equivalent of a formal arrest. *Ellis*, 379 Pa.Superior Ct. at 356, 549 A.2d at 1332; *see also, Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). The court in *Ellis* listed factors which may be considered in determining whether a detention is custodial:

> [T]he basis for the detention (the crime suspected and the grounds for suspicion); the duration of the detention; the location of the detention (public or private); whether the suspect was transported against his will (how far, why); the method of the detention (restraints utilized); the show, threat or use of force; and the investigative methods used to confirm or dispel suspicions.

379 Pa.Superior Ct. at 356–357, 549 A.2d at 1332.

■ Cullenen was never formally placed under arrest and at no time was he ever subjected to any type of restraint. Under the totality of the circumstances, the condition and length of Cullenen's detention were not coercive so as to constitute the functional equivalent of a formal arrest. Cullenen's encounter with the agents was an investigative, rather than a custodial, detention and thus did not warrant the giving of *Miranda* warnings.

Any argument that Cullenen did not voluntarily, knowingly, or intelligently waive his *Miranda* rights need not be addressed since he was not in custody when questioned.

*See Commonwealth v. Holcomb*, 508 Pa. 425, 498 A.2d 833 (1985), *cert. denied,* 475 U.S. 1150, 106 S.Ct. 1804, 90 L.Ed.2d 349 (1986); *Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Similarly, Cullenen's argument that he was entitled to *Miranda* warnings since he was the "focus of the investigation," need not be addressed since the United States Supreme Court disapproved such analysis in *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976); *see also Holcomb,* 508 Pa. 425, 498 A.2d 833 (1985). Accordingly, the trial court correctly denied Cullenen's post-verdict motion which alleged that the trial court erred by failing to suppress his statement.

### Motion to Dismiss

Cullenen asserts that the trial court erred in failing to dismiss the charges against him because he was not brought to trial within 365 days under Pa.R.Crim.P. 1100(a)(3). Cullenen argues that the complaint was filed on October 29, 1987 and that his case was not called for trial until April 17, 1989. The time period equalled 536 days and Cullenen claims that only seven days of that period can be properly excluded.

The Pennsylvania Rules of Criminal Procedure provide:

Rule 1100. Prompt Trial

(a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail shall commence no later than three hundred sixty-five (365) days from the date on which the complaint is filed.

.    .    .    .    .

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his

whereabouts were unknown and could not be determined by due diligence:

.    .    .    .    .

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

Pa.R.Crim.P. 1100(a)(3), (c)(1), (c)(3)(i), (c)(3)(ii).

Our standard of review for Rule 1100 claims is limited to determining whether there has been misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of the accused. *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). We note, however, that the administrative mandates which guarantee a prompt trial should not be construed to insulate the criminally accused from good faith prosecution attempts delayed through no fault of the Commonwealth. *See Commonwealth v. Trill*, 374 Pa.Superior Ct. 549, 543 A.2d 1106 (1988), *allocatur denied*, 522 Pa. 603, 562 A.2d 826 (1989).

The burden of proving prosecutorial due diligence rests on the Commonwealth. *See, Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). The Commonwealth acts with due diligence as long as it acted reasonably based on the circumstances. *Commonwealth v. Long*, 288 Pa.Superior Ct. 414, 432 A.2d 228 (1981) (appearance of other possibly more desirable or efficacious methods that might have been tried does not mean that Commonwealth did not act with due diligence).

A criminal complaint was filed against Cullenen on October 29, 1987. A summons was filed the following day and was issued by certified mail to Cullenen at his Ohio residence on November 10, 1987. Cullenen failed to appear at the scheduled preliminary hearing on November 19, 1987, where upon a warrant was issued by the district justice's office for his arrest.

Cullenen admitted that he was told by his attorney not to pick up any certified mail and as a result he never accepted the summons. The Attorney General's office had contacted Cullenen's attorney on several occasions between December 8, 1987 and January 20, 1988 and had been assured by counsel that extradition proceedings were unnecessary.

In March of 1988, the Attorney General's office contacted the Lucas County Sheriff's office and sent a warrant for Cullenen to them for extradition. In June of 1988, the Attorney General's office entered Cullenen's warrant into the national computer system (NCIC). Cullenen was detained by the Toledo Police on July 13, 1988, but was released when the police were unable to confirm the outstanding arrest warrant.[10]

Cullenen eventually turned himself in and was preliminarily arraigned on September 8, 1988. A preliminary hearing was scheduled for September 29, 1988, but was continued at Cullenen's request until October 6, 1988. The Attorney General's office then requested that the hearing be continued until October 27, 1988. Cullenen appeared on that date and waived his preliminary hearing. Cullenen was scheduled to be arraigned on November 28, 1988, but he filed a waiver of arraignment on November 17, 1988.

On December 28, 1988, Cullenen filed the motion to suppress statements. After a hearing on March 2, 1989, the trial court denied the motion by order dated March 17, 1989. Cullenen then filed a motion, on April 24, 1989, to dismiss the charges. A hearing on the motion was held on May 30, 1989 with the trial commencing immediately thereafter.

The Commonwealth acted with due diligence in its attempts to prosecute Cullenen. The record reflects that the Commonwealth acted reasonably under the circumstances in its effort to acquire custody of Cullenen. The good faith prosecution attempts were delayed through no fault of the Commonwealth. Any delay prior to September 8, 1988 was

10. The NCIC terminal in the Attorney General's office is unmanned during non-business hours after 5:00 p.m.

directly attributable to Cullenen or his attorney. Cullenen's trial was on May 30, 1989 and was well within the 365 day administrative mandate for a prompt trial. Accordingly, there has been no misconduct on the part of the Commonwealth in an effort to evade Cullenen's fundamental right to a speedy trial.

### Denial of Modification of Sentence

Under Pennsylvania law, the defendant or the Commonwealth may challenge the legality of a sentence as an appeal of right. 42 Pa.C.S. § 9781(a). However, when appealing a discretionary aspect of a sentence, the defendant or the Commonwealth may invoke the jurisdiction of the appellate court that has initial jurisdiction for such appeals by filing a petition for allowance of appeal. 42 Pa.C.S. § 9781(b). Cullenen does not challenge the legality of his sentence but rather assails the discretionary aspects of the sentence and the sentencing judge's supposed abuse of discretion in imposing it. Although Cullenen delineates his challenge to the discretionary aspects of the sentence as an appeal, it is in effect a petition for allowance of appeal and we will address it as such.

Our Supreme Court has indicated that three distinct steps must be taken to properly raise a challenge to the discretionary aspects of a sentence: 1) there must be a timely notice of appeal; 2) the challenge must be set forth in the statement of questions presented; and 3) the appellant must include in the brief, pursuant to Pa.R.A.P. 2119(f), a separate, concise statement of the reasons for allowance of the appeal under 42 Pa.C.S. § 9781(c).[11] *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

11. Section 9781(c) of the Sentencing Code provides:
    The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: 1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously; 2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or 3) the sentencing court sentenced outside the

In the instant case, timely notice of appeal was filed, Cullenen's challenges to the discretionary aspects of the sentence were set forth in the statement of questions involved, and contained a separate, concise statement pursuant to Pa.R.A.P. 2119(f) separately delineated by the heading "Statement Of Reasons Relied Upon For Allowance Of Appeal With Respect To The Discretionary Aspects Of The Sentence Imposed." Cullenen has satisfied the requirements of *Tuladziecki* for raising a challenge to the discretionary aspects of his sentence, however, that does not automatically entitle him to the grant of the allowance of appeal.

The appellate court has discretion whether or not to grant the allowance of appeal where it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Darden*, 366 Pa.Superior Ct. 597, 531 A.2d 1144 (1987). It is important to note, however, while the appearance of a substantial question under 42 Pa.C.S. 9781(b) determines whether an appeal may be granted, the sound discretion of this Court shall determine whether it will be granted. *Id.* "It is only where a party can articulate reasons why a particular sentence raises doubts that this [sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Tuladziecki*, 513 Pa. at 515, 522 A.2d at 20.

Our determination as to whether a substantial question is presented is separate and distinct from any review of the merits of the petition. *Darden*, 366 Pa.Superior Ct. at 603, 531 A.2d at 1147. The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Superior Ct. 192, 535 A.2d 115

sentencing guidelines and the sentence is unreasonable. In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
42 Pa.C.S. § 9781(c).

(1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process." *Id.*, 369 Pa.Superior Ct. at 201 n. 7, 535 A.2d at 119 n. 7.

Cullenen asserts in his Rule 2119(f) statement that the sentencing court: 1) failed to consider his ability to pay the fine imposed; 2) failed to adequately consider his individual characteristics and imposed a period of incarceration based solely on the seriousness of the offense; and 3) failed to articulate on the record its reasons for the sentence imposed. We will consider these claims seriatim to determine whether Cullenen has raised a substantial question that the sentencing scheme as a whole has been compromised.

■■■ Although Cullenen asserts that the sentencing court "failed to consider" or did not adequately consider his ability to pay the fine, his statement makes clear that the court was provided with adequate information on which to base its sentencing decision. Cullenen concedes that the sentencing court was provided with and reviewed his pre-sentence investigation report before imposing sentence. Evidence of Cullenen's ability to pay the fine was contained within the report which detailed his employment history, current earning capacity, educational and marital status.[12] "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Devers*, 519 Pa. 88, 102, 546 A.2d 12, 18 (1988).

Cullenen has not stated a substantial question with regard to the imposition of the fine because he challenges the discretion of the court in failing to adequately consider a factor relevant to the sentencing determination. *See, Williams*, 386 Pa.Superior Ct. 322, 562 A.2d 1385 (1989) (en banc) (allegations that the sentencing court failed to consid-

12. The pre-sentence report also evidenced an agreement between Wills and Waste Conversion to make restitution for the costs involved in cleaning up the spill.

er or did not adequately consider various factors does not raise a substantial question that the sentence imposed was inappropriate); *see also, Commonwealth v. Minott,* 395 Pa.Superior Ct. 552, 577 A.2d 928 (1990). An allegation that the sentencing judge failed to consider the evidence is essentially a claim that the judge failed to give the evidence the weight that the appellant thinks proper. Such a claim does not raise a substantial sentencing question. *Commonwealth v. Frank,* 395 Pa.Superior Ct. 412, 577 A.2d 609 (1990); *see also, Commonwealth v. Osteen,* 381 Pa.Superior Ct. 120, 552 A.2d 1124 (1989).

■ Although Cullenen does not contend that his sentence was beyond the statutory range for the crime charged, he nevertheless asserts that his sentence of one to twelve months incarceration constitutes an abuse of discretion by the sentencing judge. Cullenen alleges in his Rule 2119(f) statement that the court sentenced him solely upon the seriousness of the offense and failed to take into consideration his individual circumstances.

■ Sentencing is a matter vested in the sound discretion of the sentencing judge and will not be disturbed absent a manifest abuse of that discretion. *Commonwealth v. Fries,* 362 Pa.Superior Ct. 163, 523 A.2d 1134 (1987), *allocatur denied,* 515 Pa. 619, 531 A.2d 427 (1987). A sentence must either exceed the statutory limits or be manifestly excessive to constitute an abuse of discretion. *Commonwealth v. White,* 341 Pa.Superior Ct. 261, 491 A.2d 252 (1985).

The sentencing court's statutory duty is to impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The discretion of the sentencing judge must be accorded great weight because he is in the best position to weigh various factors such as the nature of the crime, the defendant's character, and the defendant's displays of remorse, defiance, or indif-

ference. *Commonwealth v. Duffy,* 341 Pa.Superior Ct. 217, 491 A.2d 230 (1985).

Cullenen faced a maximum period of imprisonment of not more than one year. 35 P.S. § 6018.606(b). Cullenen's sentence, which imposed a period of one to twelve months incarceration, was within the statutory limit and was not manifestly excessive.

■ Cullenen concedes that the sentencing judge was provided a pre-sentence investigation report as well as several letters of recommendation on his behalf. Cullenen also concedes that the sentencing judge heard testimony from himself, his wife and counsel. Where a pre-sentence report exists, this Court will presume that the sentencing court was aware of the relevant information regarding Cullenen's character and weighed those considerations along with mitigating factors. *See, Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Accordingly, we must presume that the sentencing court properly pronounced sentence as it did, where the court has before it the pre-sentence report and the sentence was within the legal limits. *See, Commonwealth v. Bartley,* 394 Pa.Superior Ct. 510, 576 A.2d 400 (1990). Having been fully informed by the pre-sentence report, the sentencing court's discretion will not be disturbed.

■ Cullenen also asserts that the sentencing court erred by failing to articulate on the record its reasons for the sentence imposed. *See, Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (requirement that sentencing court explain the rationale for the sentence imposed). Our Supreme Court, in *Devers,* rejected interpretations which call for separate, written opinions embodying interpretations explaining the reasons for the sentence imposed. *Devers,* 519 Pa. 88, 546 A.2d 12 (1988). "A pre-sentence report constitutes the record and speaks for itself." *Id.,* 519 Pa. at 102, 546 A.2d at 18.

In the instant case, the judge demonstrated, at the sentencing hearing, his consideration of the pre-sentence report

and he discussed ᴠthe sentencing rational imposed. The requirement that the sentencing court explain the rationale for the sentence imposed as set forth in *Riggins* and clarified by *Devers* has been more than satisfied. *See Commonwealth v. Clever*, 395 Pa.Superior Ct. 192, 576 A.2d 1108 (1990); *see also, Bartley*, 394 Pa.Superior Ct. 510, 576 A.2d 400 (1990).

Cullenen has failed to articulate in his Rule 2119(f) statement why his sentence raises doubts that the sentencing scheme as a whole has been compromised. Accordingly, his petition for allowance of appeal must be denied.

## ORDER

AND NOW, this 21st day of March, 1991, the Judgment of Sentence of the Court of Common Pleas of Lycoming County is affirmed.